**INTERNATIONAL UNION OF MINE, MILL AND SMELTER WORKERS**

v.

**FARMER et al.**

**PRECISION SCIENTIFIC CO.**

v.

**INTERNATIONAL UNION OF MINE, MILL AND SMELTER WORKERS et al.**

Nos. 12171, 12226.

United States Court of Appeals District of Columbia Circuit.

Argued July 13, 1954.

Decided Aug. 5, 1954.

Mr. Nathan Witt, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellant in No. 12171 and appellee International Union of Mine, Mill and Smelter Workers in No. 12226.

Mr. Barnabas F. Sears, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. James M. Barnes,

Washington, D. C., was on the brief, for appellant in No. 12226. Mr. Eugene Carusi, Washington, D. C., entered an appearance for appellant in No. 12226.

Mr. Norton J. Come, Attorney, National Labor Relations Board, Washington, D. C., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. A. Norman Somers, Assistant General Counsel, National Labor Relations Board, Washington, D. C., was on the brief, for appellees in No. 12171 and appellees Guy Farmer, et al., as Members of and Constituting the National Labor Relations Board, in No. 12226. Mr. James F. Foley, Attorney, National Labor Relations Board, Washington, D. C., entered an appearance for appellees in No. 12171 and appellees Guy Farmer, et al., as Members of and Constituting the National Labor Relations Board, in No. 12226.

Before WILBUR K. MILLER, PRETTYMAN, and DANAHER, Circuit Judges.

PER CURIAM.

These two appeals arose out of a civil action filed in the United States District Court for the District of Columbia by the appellant Union against the members of the National Labor Relations Board. The Union sought a declaratory judgment that the Board had no authority to conduct an investigation which it had ordered, and also sought an injunction to restrain the investigation. Precision Scientific Company, whose employees are involved in the controversy, sought to intervene. On motion the District Court dismissed the complaint of the Union and denied the motion of the Company.

■ The controversy involved in the investigation and proposed hearing before the Board revolved about affidavits filed with the Board by one of the officers of the Union under Section 9(h) of the National Labor Relations Act as amended.[1] But we do not reach consideration of that problem. The District Court found as a fact that the conduct of the hearing by the Board would not cause the plaintiff Union irreparable injury. It also concluded that the Union had not made out a case warranting equitable relief. We agree with that finding and conclusion.

■ Pending the hearing and investigation the Board is continuing to process as usual all cases before it involving the Union. The Union stressed before the District Court that it would be injured in pending elections and that the most important election then pending involved employees of the Anaconda Copper Mining Company. It was later shown that the Union actually received a large majority of the votes cast in that election and has been certified by the Board. In these respects this case differs from Farmer v. United Electrical, Radio & Machine Workers.[2] In that case the Board's General Council had issued instructions to its Regional Directors throughout the country to deny the Union access to the Board. We think the complaint here involved was properly dismissed. Since the complaint was dismissed, the intervention of the Precision Scientific Company was properly denied.

The order of the District Court, containing both the dismissal of the complaint and the denial of the motion to intervene, is

Affirmed

---

1. 61 Stat. 146, 1947, as amended, 29 U.S. C.A. § 159(h).

2. 1953 (D.C.Cir., 93) U.S.App.D.C. 178, 211 F.2d 36, certiorari denied, 1954, 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091.